IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| BOBBY C. JENKINS, #271240, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:11-3168-RMG-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| WARDEN LEROY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Bobby C. Jenkins ("Jenkins"), an inmate with the South Carolina Department of Corrections filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 29, 2011. Jenkins has now filed a motion for default judgment (Document No. 25).

On January 10, 2012, an order authorizing service of process was issued requiring Respondent to file a response within 50 days of receipt. Respondent's answer was due on or before March 5, 2012 . Respondent moved for an extension of time to April 4, 2012 in which to answer, and the undersigned granted Respondent's motion on March 5, 2012. Respondent again requested an extension of time to answer on April 4, 2012. The undersigned granted Respondent's motion and the deadline for answering was extended to May 4, 2012. Respondent subsequently filed his return and memorandum together with a motion for summary judgment on May 4, 2012.

The undesigned concludes that Respondent timely filed a response due to the granting of his motions to extend. In any event, courts do not enter default judgments in favor of habeas petitioners without reaching the merits of the claim as a matter of policy due to the risk of releasing prisoners



who have been duly convicted and the costs involved with retrial. Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984); Worrell v. U.S. Parole Commission, 2008 WL 4137680 (N.D.W.Va.); and Garland v. Warden, 2008 WL 4834597 (D.S.C.).

## Conclusion

Therefore, based on a review of the record, it is recommended that Petitioner's motion for default judgment (Document No. 25) be **denied.**

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

May 9, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).