# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| BOBBY C. JENKINS, #271240, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:11-3168-RMG-JRM |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| WARDEN LEROY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Bobby C. Jenkins ("Jenkins"), is an inmate with the South Carolina Department of Corrections serving a sentence of twenty-five years imprisonment for first degree criminal sexual conduct, twenty-five years (consecutive) for kidnapping, and twenty-five years (concurrent) for armed robbery. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 14, 2011.[1] Respondent filed a return and motion for summary judgment on May 4, 2012. Because Jenkins is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on May 7, 2012 explaining to him his responsibility to respond to the motion for summary judgment. Jenkins filed responses to Respondent's motion on June 20, 2012 and July 5, 2012.

## Background and Procedural History

On September 24, 1997, in Horry County, Jenkins, his nephew, and another individual raped, beat, and robbed a waitress who was on her way to work. Jenkins and his nephew were arrested after a high speed chase. Jenkins was indicted, and on or about December 6, 2000, he pled guilty to

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

criminal sexual conduct (first degree), kidnapping, and armed robbery.  He was represented by Orrie

West, Esquire.[2]  Counsel filed a motion for the court to reconsider Jenkins' sentences. (App. 21).  The

motion was denied on April 3, 2001. (App. 24).

A direct appeal was filed by way of an <u>Anders</u>[3] brief filed by the South Carolina Office of

Appellate Defense raising the following issue:

> Did the lower court commit reversible error in conducting a hearing upon the motion
> to reconsider sentence without ensuring that a proper record of that hearing was made
> by a court reporter?

Jenkins filed a *pro se* brief pursuant to state procedure raising the following claims:

> 1)  Did the lower court err by sentencing appellant to imprisonment without
> established jurisdiction?

> 2)  Did the sentencing judge abuse his discretion when he gave appellant a sentence
> that was excessive an[d] a violation of established state law?

The convictions were affirmed by the South Carolina Court of Appeals. *See* <u>State v. Jenkins</u>,

Unpub.Op.No. 2002-UP-346 (S.C.Ct.App. filed May 16, 2002).  The Remittitur was returned on June

3, 2002.

On June 4, 2002, Jenkins filed an application for post-conviction relief ("PCR"). (App. 26).

An amended application was filed through counsel, V. Lee Moore, Esquire. (App. 43).  A hearing

was held on September 23, 2004. (App. 45).  On November 24, 2004, the PCR court issued an order

granting relief. (App. 109).  The State filed a petition for writ of certiorari raising the following issue:

> Did the trial court err in granting a new trial on the ground trial counsel was
> ineffective?

---

[2]According to information supplied by Jenkins, his nephew entered a plea pursuant to <u>North
Carolina v. Alford</u>, 400 U.S. 25 (1970) in 2009 after mistrial and received a sentence of "time
served."

[3]<u>Anders v. California</u>, 386 U.S. 738 (1967).

On October 19, 2006, the South Carolina Supreme Court vacated the PCR court's order and remanded the case for a full hearing. (App. 142). The Remittitur was returned on November 7, 2006. (App. 143).

A second hearing was held on October 8, 2007. (App. 144). Jenkins was represented by Barbara W. Pratt, Esquire. A lengthy order of dismissal was issued on March 13, 2008. (App. 292).

The South Carolina Commission on Indigent Defense filed a petition for writ of certiorari on Jenkins' behalf raising the following issues:

1.  Did the PCR judge err in denying post-conviction relief where petitioner's guilty plea was not knowingly or voluntarily entered as the direct result of ineffective assistance of counsel in that counsel encouraged petitioner to enter guilty pleas by assuring him that he would receive concurrent sentences and that he would not be sentenced to more than thirty years?

2.  Did the PCR judge err in denying post-conviction relief where the sentencing judge imposed an extreme sentence upon petitioner after receiving information regarding petitioner's participation and role in the crime only from the prosecution as the result of his attorney's ineffectively failing to make any factual argument or mitigation presentation during the plea or on reconsideration?

The petition for writ of certiorari was denied by the South Carolina Supreme Court on August 20, 2009. The Remittitur was returned on September 9, 2009.

### Grounds for Relief

In his present petition, Jenkins asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**    The low (sic) court committed reversible error in conducting a hearing upon the motion to reconsider sentences without ensuring that a proper record of that hearing was made by a court reporter.

a. The Petitioner contends that without a transcript of the motion hearing there cannot be meaningful appellate review of the issues and arguments raised with respect to Petitioner's motion to reconsider the sentence. The lower court abused its discretion in failing to ensure that a proper record of the hearing was preserved, and petitioner has been prejudiced by the court's omission.

The Petitioner's case should be reversed and remanded for a new hearing to reconstruct the records to reconsider sentences.

**Ground Two:** Judicial abuse of discretion by issuance of excessive sentence.

a. The Applicant appeared before Honorable Sidney T. Floyd, presiding judge, on charges of kidnapping, 1st degree CSC, and armed robbery and these crimes were committed allegedly upon the same victim during a single incident. However, Applicant was indicted for separate offenses that were joined in the indictment and tried together because they arose of the single chain of circumstances, and were proved by the same evidence.

... Under South Carolina Code Ann. 16-3-652(1)(b), the act of Criminal Sexual Conduct in the 1st degree is proven by the offense of kidnapping and robbery which in essence means these elements of these crimes can be used to prove the other which is a violation under South Carolina Code Ann. 17-25-50... (this is cause to bring this subject up because the Applicant's sentence was excessive by law and caused prejudicial harm under recidivism laws of this State.)

The Applicant contends the Judge abused his discretion and did sentence the Applicant in violation of State law and this act alone was prejudicial to the Applicant where the conviction counts as strikes with this State and used against him as enhancement purposes where he was by law supposed to be sentenced to one offense because the elements of all of the offenses would be and are used to prove the other....

**Ground Three:** Court lacked jurisdiction to sentence Applicant.

a. The Applicant contends the Judge takes authority under the law and is guided by the law in all that he does and is not at liberty to go outside the law upon sentencing and lacked jurisdiction to do so. Further, the Applicant would contend that his indictment has a defect on its face. From this defect the Applicant claims he is being held unlawfully because the Court of General Sessions lacked jurisdiction over his case and Honorable Sidney T. Floyd, Presiding Judge, abused his authority and discretion when he sentenced Applicant without jurisdiction that was established by law.

... Applicant contends that the State's none compliance with their procedural rules requirement which is mandatory pertaining to the indictment itself prevented the

Court from obtaining jurisdiction to sentence and constitutes a fundamental defect which inherently results in a complete miscarriage of justice.

... Applicant never waived his right to a legal indictment and the indictment presented against him was a fraudulent document which deceived the Applicant as well as the Court and Judge that sentenced in this case.

**Ground Four:** Ineffective Assistance of Counsel.

a. The Applicant contends his counsel was ineffective in his case and failed to act in the best interest of his client and prejudiced him where Applicant's counsel failed to do the following:

1. Counsel was ineffective where he failed to inform the court jurisdiction over Applicant had not been properly obtained by State's failure to obey rules of criminal procedure Rule 3(c) and statute 17-28-120-150...

2. Counsel erred when he failed to research the existing law pertaining to Applicant and his sentencing phase on his charges where the crimes arose from the same event and against the same victim and the elements of these offense would and could be used to prove the others which denied the Applicant to be sentenced according to the law...

3. Counsel's errors shows he failed to properly investigate applicable law pertaining to Applicant's case and failed to investigate or obtain information from Applicant that would render such investigations unfounded and this error caused Applicant prejudice and bias which was undue in the case and cause at bar which cause the unlawful conviction and sentence.

4. Counsel was ineffective where he failed to properly place into the record the induced agreement which caused Applicant to plead and where he failed to properly inform Applicant concerning the Omnibus Crime Bill or that the judge did not have to go along with any agreements made and he further erred where he advised unprofessionally his client to answer to the questions asked of him by the court "No" concerning promises or coercion or inducements made to him outside the presence of the sentencing judge and the record.

5. Counsel was ineffective where he conspired with the Clerk of Court and the Solicitor in presenting a fraudulent indictment and signed Applicant's sentencing sheet in the furtherance thereof

5

signifying it to be a legal act which caused the Applicant harm for violation.

## Jenkins' Motions

A.  Motions to Withdraw

Apparently, in response to Respondent's argument in support of summary judgment that some of the claims in the present petition are procedurally barred (*see* discussion below), Jenkins filed a "Motion to Exhaust State Remedies" on June 6, 2012 (ECF 46) and a "Motion to Withdraw Petition" on June 14, 2012 (ECF 47). In these motions, Jenkins argues that he should be allowed to return to state court to fully exhaust his claims. Jenkins characterizes his present petition as a "mixed petition" as defined by Rose v. Lundy, 455 U.S. 509 (1982).

A mixed petition is one that contains both exhausted and unexhausted claims. Rose, 455 U.S. at 510. A mixed petition may be dismissed to allow the petitioner to return to state court to exhaust his previously unexhausted claims or amended to remove the unexhausted claims. Alternatively, in certain limited circumstances, the Court may stay the habeas action to allow petitioner to return to state court to present his claims. Rhines v. Weber, 544 U.S. 269 (2005).[4]

Jenkins' argument is flawed because both Rose and Rhines contemplate an avenue to return to state court and for the state court to consider the unexhausted claims. However, Jenkins has already been afforded a direct appeal and a complete PCR process including appeal. South Carolina law requires an inmate to raise all his issues during these processes and severely limits successive attacks. (*See* discussion below). It is obvious that the South Carolina courts would consider Jenkins' unexhausted claims to be procedurally barred if he were allowed to return to state court. Thereafter,

---

[4]Pursuant to Rhines a stay is appropriate only where the petitioner can show good cause for failing to present the unexhausted claims in state court.

his ability to return to this Court may be precluded by the statute of limitations (*see* discussion below).

It is, therefore, recommended that Jenkins' motions be denied.

B. Motion for Summary Judgment

Jenkins filed a motion for summary judgment on August 6, 2012. In this motion, Jenkins appears to argue that he is entitled to summary judgment on his claim of Grand Jury irregularity and that the defective indictment deprived the trial court of subject matter jurisdiction (Ground Three above). The undersigned concludes that Respondent is entitled to summary judgment on this claim (*see* discussion below). Therefore, it is recommended that Jenkins' motion for summary judgment be denied.

**Respondent's Motion for Summary Judgment**

A. Anti-Terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other <u>collateral review</u> with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review.  <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000).  In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR.  Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.  <u>Crawley v. Catoe</u>, 257 F.3d 395 (4th Cir. 2001).  If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court.  <u>Harris</u>, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate

review)." <u>Taylor v. Lee</u>, 186 F.3d 557, 561 (4th Cir. 1999), *cert. denied* 528 U.S. 1197 (2000). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." <u>Crawley v. Catoe</u>, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414 (2005) (quoting <u>Carey v. Saffold</u>, 536 U.S. 214, 236 (2002)).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed.R.Civ.P. 6(a). <u>Hernandez v. Caldwell</u>, 225 F.3d 435, 439 (4th Cir. 2000).

### 1. Statutory Tolling

Jenkins' conviction became final on June 3, 2002 when the Remittitur was returned by the South Carolina Court of Appeals. Since he filed his PCR the following day, no statutory time lapsed. The statute of limitations remained tolled until September 9, 2009, the conclusion of the PCR process. Jenkins had one year from that date to file his petition in this Court. Jenkins placed his petition in the prison mailing system for delivery to this Court on November 10, 2011. (Petition, p. 15). Jenkins concedes that his petition was filed well beyond the one year deadline.

## 2. Equitable Tolling

Jenkins asserts that he is entitled to invoke the doctrine of equitable tolling. The doctrine of equitable tolling applies to the AEDPA statute of limitations. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). Under Holland the statute of limitations is tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

In Burns v. Beck, 349 F.Supp.2d 971, 974 (M.D.N.C. 2004), the court summarized the applicability of equitable tolling in habeas cases:

> Equitable tolling may apply when the defendant has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as events which were both beyond the prisoner's control and unavoidable even with due diligence. Harris, *supra*; Akins v. United States, 204 F.3d 1086 (11th Cir.), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. *See* Smith v. McGinnis, 208 F.3d 13 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, *supra*; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir.1999);

Sandvik, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

Jenkins argues that he is entitled to equitable tolling because his appellate attorney failed to notify him that the petition for writ of certiorari had been denied on the appeal from the denial of his PCR after remand. Attached to the petition is a letter from Robert M. Dudek, Esquire, Chief Appellate Defender to Jenkins dated December 9, 2010 which states:

> This letter is in response to the voice mail you left our office that was received on December 8, 2010. Please be advised that a check of our records shows that Ms. Robinson's petition for writ of certiorari from the denial of PCR on your behalf was denied on August 20, 2009. If your voice message was meant to impart you did not receive notice of this denial from Ms. Robinson subsequent to August 20, 2009 you need to include that fact in your application for a writ of habeas corpus in the United States District Court which is your next avenue of relief from the denial of PCR. I have included an habeas application for you to fill out and file. This application needs to be filed very quickly if you are going to assert equitable tolling against the one year statue of limitations for lack of notice from Ms. Robinson.

> I hope this is not the situation but if you have not filed for federal habeas you need to do so very quickly. Should you have any questions, please do not hesitate to contact me but do not let contacting me delay filing this application in any way.

Based on this letter the undersigned concludes that, even if Jenkins did not receive notice that the petition for writ of certiorari had been denied in September of 2009, he is not entitled to the benefit of equitable tolling. The letter from Mr. Dudek is dated December 9, 2010. Jenkins inexplicably waited almost a year, until November 10, 2011 to file his petition in this Court despite specific warnings that he should do so immediately in order to argue that he was entitled to equitable tolling. These circumstances dictate a conclusion that Jenkins was not diligent in filing his petition in this Court.

B.  <u>Procedural Bar</u>

As noted above, Jenkins concedes that a number of the claims in his present petition are procedurally barred.   Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale.  The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

## 1.    Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i)  there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3)   A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq.* A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the

PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[5] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the

---

[5]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

federal courts, <u>Patterson v. Leeke</u>, 556 F.2d 1168 (4th Cir. 1977) and <u>Richardson v. Turner</u>, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* <u>Rose v. Lundy</u>, *supra*.

### 2. Procedural Bypass[6]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

---

[6]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4.	Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v.

Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.      Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

In Ground One, Jenkins asserts that the trial court abused its discretion because no court reporter was present at the hearing on his motion to reconsider his sentence. This issue was raised on direct appeal in the Anders brief. However, the South Carolina Court of Appeals applied a procedural bar to the claim finding that Jenkins failed to provide an adequate record for appellate review. The application of a procedural bar by the South Carolina courts precludes consideration by this Court. Wainwright v. Sykes, *supra*.

In his fourth ground for relief, Jenkins argues that his trial attorney was ineffective in several respects. However, none of these claims were raised to the South Carolina appellate courts. In the petition for writ of certiorari, Jenkins raised only the issue that counsel was ineffective for failing to argue mitigation at sentencing. Jenkins' claims of ineffective assistance of counsel in his present petition are procedurally barred.

C. State Law Claims

Jenkins asserts that the trial court abused its discretion in sentencing him to excessive sentences (Ground Two) and that the trial court lacked jurisdiction to sentence him (Ground Three). These claims were arguably raised in Jenkins' *pro se* brief on direct appeal.

### 1. Excessive Sentences

Jenkins argues that his sentences, particularly his consecutive sentences, were excessive and violated state law. Generally, sentencing is within the discretion of the trial judge, and if the sentence is within the statutory maximum, it is not subject to appellate review. United States v. Owens, 902 F.2d 1154 (4th Cir. 1990). Jenkins does not argue that any of his sentences exceeded the statutory limits.

Jenkins argues that his sentences violated South Carolina law, specifically S.C.Code Ann. § 17-25-50. That statute directs that for sentencing purposes "the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense...." Jenkins argues that this provision required the court to treat his armed robbery, criminal sexual conduct, and kidnapping offenses as one offense precluding consecutive sentences. However, the statute cited is part of the South Carolina statutory framework for sentencing recidivist offenders and pertains to the consideration of prior offenses at sentencing.

### 2. Jurisdiction

Jenkins' indictments show that the Grand Jury returned true bills of indictment on April 6, 2000. (App. 760-761). A letter attached to Jenkins' motion for summary judgment (ECF 57) from the Horry County Clerk of Court indicated that the Grand Jury met on April 6, 2000, but the Court of General Sessions was not in session on that date, but started for two weeks on April 10, 2000. Jenkins argues that his indictments were void because South Carolina law requires the Grand Jury to meet only when the Court of General Sessions is in session.

The due process clause of the United States Constitution requires only that a defendant be given sufficient notice of the charges prior to trial. Cole v. Arkansas, 333 U.S. 196 (1948). It does not require a formal arraignment. It is clear that the requirement of Grand Jury indictment contained in the Fifth Amendment to the United States Constitution does not apply to the states. Wilson v. Lindler, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), *cert. denied*, 510 U.S. 1131 (1994) and U.S. v. Floresca, 38 F.3d 706, 709 n.5 (4th Cir. 1994). This rule allows states to prosecute felony cases by information as opposed to grand jury indictment. Hurtado v. California, 110 U.S. 516, 538 (1884); Wilkerson v. Whitley, 28 F.3d 498, 502-3 (4th Cir. 1994) (en banc); and Minner v. Kerby, 30 F.3d 1311, 1317-18 (10th Cir. 1994). Under South Carolina law, "(t)he indictment is a notice document." State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (S.C. 2005) (drawing a distinction between sufficiency of indictment and subject matter jurisdiction).

Both of these claims were rejected as matters of state law by the South Carolina Supreme Court. Neither claim is cognizable in this proceeding. Under 28 U.S.C. § 2241, habeas relief is available only where a petition shows he is in custody "in violation of the Constitution or laws or

treaties of the United States." It follows that federal habeas relief is not available for errors of state law. <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991).

### Conclusion

Based on a review of the record, it is recommended that Petitioner's motions to withdraw (ECF Nos. 46 and 47) and Petitioner's motion for summary judgment (ECF No. 57) be **denied.** It is further recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
August 28, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).