IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby C. Jenkins, #271240 ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Warden Leroy Cartledge, McCormick ) <br> Correctional Institution, ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No.: 3:11-3168-RMG <br><br> **ORDER** |

On November 14, 2011, Petitioner Bobby C. Jenkins ("Jenkins") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. On May 4, 2012, Respondent Warden Leroy Cartledge filed a return and motion for summary judgment arguing that Petitioner's petition should be dismissed as untimely. (Dkt. No. 30). Because Petitioner is proceeding *pro se*, a *Roseboro* order was issued on May 7, 2012 instructing petitioner on his responsibility to respond to the motion for summary judgment. Petitioner responded on June 20, 2012 and July 5, 2012 invoking the doctrine of equitable tolling. (Dkt. Nos. 50, 53). On August 28, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted and the petition dismissed without an evidentiary hearing. (Dkt. No. 58).

As explained herein, the Court adopts the Magistrate's Report and Recommendation and grants Respondent's motion for summary judgment.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

The Anti-Terrorism and Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year statute of limitations for state inmates to file habeas corpus petitions in federal court. In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Where a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling by the South Carolina Supreme Court. *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Once a state conviction becomes final, the one-year statute of limitations begins to run. Where a defendant seeks Post-Conviction Relief ("PCR"), the statute of limitations is tolled until the process is completed. 28 U.S.C. § 2244(d)(2).

Under the doctrine of equitable tolling, the statute of limitations is tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Normally, a petitioner is not diligent where he fails to file his petition months after

learning of denial of his state PCR application. *Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

## Discussion

After reviewing the record of this matter and the applicable law, the Court agrees with the conclusion of the Magistrate Judge. Petitioner's conviction became final on June 3, 2002 when the remittitur was returned by the South Carolina Court of Appeals. Petitioner immediately filed an application for PCR. At the conclusion of his PCR process on September 9, 2009, Petitioner's ninety-day window began to run. The ninety-day window ended on December 4, 2009, at which point his one-year statute of limitations began to run. The statute of limitations ended on December 4, 2010. Petitioner did not file a petition in federal court until November 10, 2011, well beyond the statutory deadline.

Petitioner asserts that, though he missed the statutory deadline, he is entitled to invoke the doctrine of equitable tolling because he did not receive notice that his petition for writ of certiorari had been denied on September 9, 2009. The record does not support petitioner's assertion. In a letter dated December 9, 2010 attached to Petitioner's petition, Robert M. Dudek, Chief Appellate Defender for South Carolina writes:

> Please be advised that a check of our records shows that Ms. Robinson's petition for writ of certiorari from the denial of PCR on your behalf was denied on August 20, 2009. If . . . you did not receive notice of this denial from Ms. Robinson subsequent to August 20, 2009 you need to include that fact in your application for a writ of habeas corpus in the United States District Court which is your next avenue of relief from the denial of PCR. I have included an habeas application for you to fill out and file. This application needs to be filed very quickly if you are going to assert equitable tolling against the one year statute of limitations for lack of notice from Ms. Robinson.
>
> I hope this is not the situation but if you have not filed for federal habeas you need to do so very quickly. Should you have any questions, please do not hesitate to contact me but do not let contacting me delay filing this application in any way.

(Dkt. No. 31). Despite this clear notice of the need to file his habeas petition immediately, Petitioner waited almost a full year. Additionally, Petitioner does not cite any extenuating circumstances preventing him from filing his petition at an earlier date once he received the letter. As a result, Petitioner does not meet the standard for diligence laid out by *Green*. Therefore, he is not entitled to equitable tolling.

## Conclusion

After a thorough review of the record, the Magistrate's Report and Recommendation, and the relevant case law, the Court agrees with the Magistrate's Report and Recommendation and **GRANTS** Respondent's motion for summary judgment, **DENIES** Petitioner's other motions as moot, and **DISMISSES** Petitioner's petition without an evidentiary hearing.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

September 21, 2012
Charleston, South Carolina